UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS ROBINSON,

    Defendant.

Case No. 18-20150
Honorable Laurie J. Michelson

## ORDER STRIKING DEFENDANT'S PRO SE FILINGS [67, 68]

Thomas Robinson is charged in a first superseding indictment with one count of possession of a firearm by a felon after law enforcement retrieved a .45 caliber semi-automatic handgun during the execution of a search warrant at Robison's Flint residence. He is also charged with one count of conspiracy to distribute cocaine base for conduct alleged to have occurred from October 2016 through February 20, 2018. (ECF No. 18.) Robinson is represented by appointed counsel.

The Court conducted a final pretrial conference on June 12, 2019. Immediately prior to the conference, Robinson filed, pro se, a motion to recuse the Assistant United States Attorney handling the case (ECF No. 67) and a motion to suppress the evidence seized as a result of the execution of the search warrant. (ECF No. 68). There are several issues with the motions that warrant their denial and/or disregard.

First, they are untimely. The deadline for filing pretrial motions, and even motions in limine, expired prior to June 12, 2019.

Second, Robinson is represented by counsel. This District has made clear that a "Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear pro se or by counsel, a right protected by both the Sixth

Amendment to the United States Constitution and federal statute . . . This right, however, is disjunctive; thus a party may ch[o]ose either to represent himself or to appear through an attorney." *United States v. Toufaili*, No. 10-20705, 2011 U.S. Dist. LEXIS 8763, *3–5 (E.D. Mich. Jan. 31, 2011) (citations omitted). Thus, "as part of the latitude accorded district courts managing their dockets, courts may bar pro se filings by represented parties." *United States v. Hendrickson*, No 13-20371, 2017 U.S. Dist. LEXIS 144716, *1–2 (E.D. Mich. Sept. 7, 2017) (citing *United States v Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (finding no error in the court's refusal to consider pro se motion where defendant was represented by counsel); *United States v Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.")).

Lastly, the motions lack merit. Robinson's bond conditions are not the result of any false statements by the prosecution. Pursuant to the bail reform act, they are conditions deemed necessary by the Court to reasonably assure the safety of the community and Robinson's appearance at court proceedings. *See* 18 U.S.C. § 3142. There is no basis to recuse the prosecutor. And the motion to suppress does not provide the allegedly deficient search warrant to enable the court to undertake any meaningful review and analysis. Also, Robinson's primary argument for suppression is that the officers failed to leave a copy of the affidavit in support of the search warrant. But this failure does not require suppression. As another court in this Circuit has explained,

> Rule 41(f) does not require officers to leave at the premises a copy of the affidavit supporting the search warrant. Rule 41(f) requires the officer executing the warrant to "leave a copy of the warrant and receipt at the place where the officer took the property." Fed. R. Crim. P. 41(f)(3)(B). This rule merely requires officers to leave a copy of the warrant and a receipt for the property taken. The rule does not, however, require officers to leave a copy of the affidavit supporting the search warrant.

2

> Finally, even if Rule 41(f) requires officers to leave a copy of the affidavit at the premises, the officers failure to do so in this case does not necessitate suppression of the evidence. A violation of Rule 41(f), such as failure to leave at the premises an attachment to the warrant, does not mandate suppression of the evidence. *Frisby v. United States*, 79 F.3d 29, 31-32 (6th Cir. 1996). In construing Rule 41(d), the precursor to Rule 41(f), the Sixth Circuit recognized that, "although the procedural steps enumerated in Rule 41(d) are important and should not be disregarded, they are ministerial and 'absent a showing of prejudice, irregularities in these procedures do not void an otherwise valid search.'" *Id*. at 32 (quoting *United States v. McKenzie*, 446 F.2d 949, 954 (6th Cir. 1971)). In the instant case, the officers' failure to leave a copy of the affidavit did not prejudice [defendant] in any way: the search would have occurred the same whether a copy of the affidavit was left at [defendant's] premises or not. Other than this technical violation, the search of [defendant's] premises was valid. Accordingly, the officers failure to leave a copy of the affidavit does not warrant suppression of the seized evidence.

*United States v. Lawson*, No. 04-137, 2004 U.S. Dist. LEXIS 27853, *13-15 (E.D. Tenn. Dec. 1, 2004.) Robinson's motion likewise fails to demonstrate any prejudice flowing from a failure to leave the affidavit. The warrant itself would have identified for Robinson the places to be searched and the items to be seized.

Thus, the meritless, tardy, pre-trial motions filed pro se by a represented litigant are hereby stricken.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: June 14, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, June 14, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager