UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS ROBINSON,<br><br>    Defendant. | Case No. 18-20150<br>Honorable Laurie J. Michelson |

**ORDER DENYING DEFENDANT'S RENEWED MOTION TO WITHDRAW GUILTY PLEA [134]**

Thomas Robinson was charged with gun and drug offenses. (ECF Nos. 1, 9, 14, 18.) Some of the allegations in the charging documents as well as arguments made by the government suggested the government was also pursuing potential sex trafficking charges. (*See* ECF No. 20.)

Robinson ultimately pleaded guilty on January 15, 2020, to count two of the first superseding indictment which charged conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. (ECF Nos. 18, 95.) As part of the plea deal, the government agreed to dismiss the felon-in-possession charge and to not bring charges under 18 U.S.C. § 1591 (sex trafficking) for certain victims during the time frames set forth in the indictment. (ECF No. 95, PageID.330.)

Many months later, on July 6, 2020, Robinson, on his own, filed a motion to withdraw his guilty plea. (ECF No. 103.) The Court heard argument on August 24, 2020, and issued an oral ruling denying the motion. (ECF No. 110.) Robinson's sentencing has been delayed as a result of the coronavirus pandemic.

Throughout the proceedings, five lawyers have been appointed to represent Robinson. They have all moved to withdraw. (ECF Nos. 24, 39, 74, 86, 119.) At least three of them have cited Robinson's behavior and conduct as the reason for the breakdown in the relationship. Robinson has also filed his own requests for new counsel. (ECF Nos. 82, 98, 118.) And he docketed a "memorandum of intent" on July 30, 2020, advising that his then present counsel and any other assigned counsel "shall serve as stand-by counsel." (ECF No. 108, PageID.474.) Before Robinson's most recent counsel withdrew, he filed a sentencing memorandum on Robinson's behalf (ECF No. 111) as well as some objections to the presentence report. Thus, finding little left for counsel to do and believing Robinson's conduct was the "functional equivalent of a valid waiver of counsel," *United States v. Green*, 388 F.3d 918, 921–22 (6th Cir. 2004), the Court did not appoint another lawyer to represent Robinson. (ECF No. 123.) The Court did, however, appoint standby counsel to assist Robinson with the sentencing. (ECF Nos. 123, 124.)

Since that time, Robinson has filed a number of motions, including another motion to withdraw his guilty plea. (ECF No. 134.)

"[A] defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Instead, he must demonstrate a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). "[T]he aim of th[is] rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation omitted).

In determining whether a defendant satisfies the "fair and just reason" standard, the Court evaluates the following factors: (1) the amount of time that elapsed between the plea and the

motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). "The factors are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

The Court addressed these factors in ruling on Robinson's prior motion to withdraw his guilty plea. Robinson's renewed motion contains no new information that would alter the Court's prior ruling and points to no error in the Court's prior ruling. Robinson again suggests that he was "misled, deceived, threatened and coerced" to plead guilty by his prior counsel. (ECF No. 134, PageID.578.) But Robinson's post-plea allegations are in direct contravention to his responses to the Court, made under oath, during the change-in-plea proceeding. (ECF No. 106.)

At that hearing, the Court took a recess to allow Robinson to have more time to meet with his lawyer and discuss the issue of pleading guilty. (ECF No. 106, PageID.428–429.) Robinson was advised "[t]here is no rush here" and that the Court wanted "to make sure that you believe you've had sufficient time to think things through and to decide how it is that you want to proceed in this case in terms of entering into a guilty plea or going to trial." (*Id*. at PageID.429.) Robinson acknowledged that he had sufficient time. (*Id*.) He further acknowledged that he was satisfied with the advice and services provided by his lawyer. (*Id*. at PageID.430.) Robinson also decided, he said, that it was in his best interest to plead guilty to count two of the first superseding indictment. (*Id*.) And he told the Court that no one had "tried to force [him] to plead guilty by any mistreatment,

3

by any pressure, by any duress put upon [him] in any way." (*Id*. at PageID.452.) He said he was pleading guilty "freely and voluntarily." (*Id*. at PageID.452.) After discussing the plea agreement in detail, the Court asked Robinson if he still wanted to go forward with it and he said that he did. (*Id*. at PageID.451.) "'[W]here the court has scrupulously followed the required procedure [during a plea colloquy], the defendant is bound by his statements in response to that court's inquiry.'" *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Thus, there is nothing about Robinson's comments during the change-in-plea hearing or the arguments in his present motion that alter the Court's prior ruling to deny Robinson's motion to withdraw his guilty plea.[1]

For these reasons, Robinson's renewed motion to withdraw his guilty plea (ECF No. 134) is DENIED.

IT IS SO ORDERED.

Dated: December 30, 2020

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE

---

[1] Robinson is also hung up on the fact that he knows of other defendants who were permitted to plead guilty without a plea agreement or to enter a conditional plea, while he claims he was not. The Court has tried to explain to Robinson that every case is different. For example, a defendant who pleads guilty without a plea agreement will likely have to plead to all of the charges against him. Also, the terms of a plea agreement have to be agreed to by both the government and the defendant. So there could be cases in which the government does not agree to a conditional plea or in which a conditional plea is not appropriate.